IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **1348671 B.C. LTD.**, <br><br> Plaintiff, <br><br> v. <br><br> **The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint**, <br><br> Defendants. | Case No.: 1:23-cv-04002 <br><br> Judge: Hon. Mary M. Rowland <br><br><br> **JURY TRIAL DEMANDED** |

## PRELIMINARY INJUNCTION ORDER

Plaintiff 1348671 B.C. LTD. ("Plaintiff") filed a Motion for Preliminary Injunction (the "Motion") against specific ones of the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint. Among the Defendants against whom Plaintiff has moved are the following Defendants who have failed to appear in this action (collectively, "Enjoined Defendants"):

| Def. # | Store Name |
|---|---|
| 17 | YunYaoBaiHuo |
| 18 | qingbizhin |
| 19 | schangh |
| 20 | GUANG US |
| 21 | zouchengshiyimeijubaihuochaoshi |
| 22 | keerqinquwangzhihaobaihuoshanghang |
| 24 | The GGsimadale Store-US |
| 26 | jiahuahe |
| 27 | Perfect-Diary |
| 28 | xin qin |
| 29 | pazhongdianzishangwushop |

| Def. # | Store Name |
|---|---|
| 31 | 云南柴灰商贸有限 公司 (Yunnan Firewood Ash Trading Co., Ltd. Company) |
| 32 | dingli368 |
| 33 | Dengzhanbos |
| 34 | ZOULINGXI |
| 35 | Cachorro-US |
| 36 | anming store |
| 37 | hongjingg |
| 38 | lintting |
| 39 | ZHENGZIHE |
| 40 | Reach the Peak Store |
| 41 | 铭翔 (Ming Xiang) |
| 42 | IYUFSJ |

| Def. # | Store Name |
|---|---|
| 43 | XINFUZHIJIA |
| 45 | PacHamper |
| 46 | Yutinyus |
| 47 | ZeHuiXuanGouMaoYiShangHang |
| 49 | iluk8737 |
| 50 | cora_amari |
| 51 | cuitianyis |
| 53 | joonation |
| 55 | epicesolutions |
| 56 | be-the-best |
| 57 | yingenuous |
| 58 | qunyzeng66 |
| 60 | il2014-shpu |
| 61 | kamyo-34 |
| 62 | jockingbar5 |
| 63 | BOTE LLC |
| 64 | Amonsee |
| 65 | Joybuy |
| 66 | Home In Home |
| 67 | feidigeluo |
| 68 | Shuifengshu Store |
| 69 | FAGINEY STORE |
| 71 | Fangbaihui technology Co.ltd |
| 72 | AURIGATE |

| Def. # | Store Name |
|---|---|
| 73 | Yi Yang Trading Co. |
| 74 | Exclusive OutLet |
| 75 | Vntub |
| 76 | Sharpstar |
| 77 | Kokovifyves |
| 78 | JILI Co. Ltd |
| 80 | TUOBARR |
| 81 | Nidoul |
| 82 | Yoslce |
| 84 | Top Perfect Boutique Co.,Ltd |
| 85 | Yichunzhan |
| 86 | amlbb |
| 87 | Dongjian Company |
| 88 | The Best Hope Co., Ltd |
| 90 | Mishuowoti |
| 91 | Lightmans Clothing |
| 92 | Sunhillsgrace.Co. Ltd |
| 93 | autopurpularget Co.ltd |
| 94 | FUTOBOOZ |
| 95 | Yu's toy Co.Ltd |
| 96 | Guanlan |
| 97 | guangzhoulinghang |
| 98 | Good Choice Co.,Ltd |
| 99 | LLsho |

Various other Defendants have been dismissed. Consequently, those entities are excluded from this Order. Plaintiff informs that various other Defendants that are excluded from the Motion either will be dismissed in the near future (presumably because settlement is imminent), or have not yet been served because Plaintiff lacks sufficient information to complete service. After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as to the Enjoined Defendants as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants, including the Enjoined Defendants, because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Enjoined Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or

more seller aliases, offer shipping to the United States, including Illinois, and have manufactured, imported, offered for sale, or sold products that infringe Plaintiff's federally registered patent, U.S. Patent No. 11,572,655 (the '655 Patent), to residents of Illinois.

This Court also finds that Plaintiff has provided notice to the Enjoined Defendants in accordance with the Temporary Restraining Order that became operative on July 26, 2023 and Rule 65 of the Federal Rules of Civil Procedure. Accordingly, this Court orders that:

1. The Enjoined Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. making, using, importing, offering for sale, or selling the Accused products identified by product number or listing on Schedule A to the Complaint (previously sealed at Docket No. 9-1) or colorable imitations in any manner;

   b. committing any acts calculated to cause consumers to believe that the Enjoined Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which embody the invention claimed in the '655 Patent.

2. The Enjoined Defendants shall not transfer or dispose of any money or other of the Enjoined Defendants' assets in any of the Enjoined Defendants' financial accounts including any financial assets held by any online marketplace platform (such as, for example, Amazon.com, eBay.com, and Walmart.com).

3. Plaintiff is authorized to issue expedited written discovery to the Enjoined Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

 a. the identities and locations of Enjoined Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

 b. the nature of the Enjoined Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Enjoined Defendants' financial accounts, including Enjoined Defendants' sales and listing history related to their respective Online Marketplaces; and

 c. any financial accounts owned or controlled by Enjoined Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (*e.g.,* MasterCard and VISA).

4. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Enjoined Defendants, or in connection with any of Enjoined Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice,

4

provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

      a.    the identities and locations of Enjoined Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

      b.    the nature of Enjoined Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Enjoined Defendants' financial accounts, including Enjoined Defendants' sales and listing history related to their respective Online Marketplaces; and

      c.    any financial accounts owned or controlled by Enjoined Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (*e.g.,* MasterCard and VISA).

    5.    Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any of Enjoined Defendants products accused of infringing upon the '655 Patent as identified by the product numbers or listings shown in Schedule A to the Complaint (previously sealed at Docket No. 9-1) or colorable imitations thereof.

6. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Enjoined Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A to the Complaint, and any e-mail addresses provided for Enjoined Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Enjoined Defendants' assets until further order by this Court.

7. Plaintiff may continue to provide notice of the proceedings in this case to Enjoined Defendants, including any future motions, by electronically publishing a link to the relevant documents on a website and by sending an e-mail with a link to said website to any e-mail addresses provided for Enjoined Defendants by third parties or by attaching such documents directly to an email sent to Enjoined Defendants at any e-mail addresses provided for Enjoined Defendants by third parties.

8. Plaintiff has properly served the Enjoined Defendants consistent with Fed. R. Civ. P. 4(f)(3) as previously authorized by this Court.

9. Plaintiff has provided notice to Enjoined Defendants of its motion for preliminary injunction as required by Rule 65(a)(1).

10. In connection with the Temporary Restraining Order previously entered by the Court, Plaintiff has already deposited with the Court a $99,000 security, (see Dkt. 19) reflecting $1,000/Defendant, which amount has been deemed adequate for the payment of damages to any Defendants as a result of a wrongful restraint hereunder.

11. Any Enjoined Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

12. This Preliminary Injunction Order is entered at 12 P.M. on this 22nd day of August 2023 and shall remain in effect until otherwise ordered.

E N T E R:

Dated: August 22, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge