IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **1348671 B.C. LTD.,**<br><br>  Plaintiff,<br><br>v.<br><br>**The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint**,<br><br>  Defendants. | Case No.: 1:23-cv-04002<br><br>Judge: Hon. Mary M. Rowland<br><br>Magistrate Judge: Hon. Maria Valdez |

## CONSENT JUDGMENT

This action having been commenced by 1348671 B.C. Ltd. ("Plaintiff") against the Defendant No. 93 autopurpularget Co. Ltd. (the "Defendant") and others. Plaintiff and this Defendant have now resolved all claims between themselves arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant because Defendant directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have offered infringing products that embody Plaintiff's patented design to residents of Illinois.

THIS COURT FURTHER FINDS that Defendants are liable for willful patent infringement (35 U.S.C. § 271).

IT IS HEREBY ORDERED that:

1. Defendant, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. Committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    b. Manufacturing, shipping, importing, delivering, holding for sale, offering for sale, selling, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which embody any of Plaintiff's patented designs; and

    c. Reproducing, applying to any article of manufacture, exposing for sale, or otherwise further infringing Plaintiffs' patented design asserted in the Complaint.

2. Pursuant to the parties' settlement agreements, Defendant has agreed to pay Plaintiff monetary damages set forth in the parties' settlement agreement (the "Damages Amount").

3. Walmart, Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order and the settlement agreement disclosing the Damages Amount.

4. Upon Walmart's transfer of the Damages Amount to Plaintiff pursuant to paragraphs 2 and 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [ECF 18] and Preliminary Injunction Order [ECF 28].

5. This case is dismissed as to this Defendant with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, the dismissal shall automatically convert to a dismissal with prejudice as to this Defendant.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED:

Dated: November 29, 2023

Mary M. Rowland
United States District Judge

3