IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **1348671 B.C. LTD.,**<br><br>  Plaintiff,<br><br>v.<br><br>**The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint**,<br><br>  Defendants. | Case No.: 1:23-cv-04002<br><br>Judge: Hon. Mary M. Rowland<br><br>Magistrate Judge: Hon. Maria Valdez |

**DEFAULT AND DEFAULT JUDGMENT ORDER**

  This action having been commenced by Plaintiff 1348671 B.C. LTD. ("Plaintiff") against the defendants identified on Schedule A and Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants which have not yet been dismissed from this case, identified on the updated Schedule A attached hereto (collectively, "Defaulting Defendants");

  Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via e-mail, along with any notice that Defaulting Defendants received from online marketplaces and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

  None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using designs that infringe upon Plaintiff's federally registered patent rights embodied in U.S. Patent No. 11,572,655 ("the '655 Patent") to residents of Illinois. In this case, Plaintiff has presented links to each Defaulting Defendant's e-commerce store and the infringing products sold by the Defaulting Defendants showing that each Defaulting Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products that infringe the '655 Patent. *See* Schedule A to the Complaint Dkt. No. 1-1, filed as Sealed Dkt. No. 9-1, which includes links and product ID numbers for the subject storefronts and infringing products; *see also* Exhibit C to the Complaint, Dkt. No. 1-4, filed as Sealed Dkt. No. 9-4, claim chart outlining infringement.

This Court further finds that Defaulting Defendants are liable for willful patent infringement (Claim I).

Accordingly, this Court orders that Plaintiff's Motions for Entry of Default and Default Judgment are GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the design claimed in the '655 Patent or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the '655 Patent;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for use of the invention claimed in the '655 Patent;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff and its rights in the '655 Patent; and

   d. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which incorporate the design claimed in the '655 Patent, or any reproductions, counterfeit copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the

Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Alibaba Group Holding Ltd. ("Alibaba"), AliExpress, Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), Jingdong E-Commerce (Trade) Hong Kong Corporation Limited ("Joybuy"), WhaleCo, Inc. ("Temu"), and Walmart, Inc. ("Walmart") (collectively, the "Third-Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

   a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell goods that infringe upon the '655 Patent; and

   b. operating and/or hosting webpages that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product infringing the '655 Patent or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine 1348671 B.C. LTD product or not authorized by Plaintiff to utilize the invention claimed by the '655 Patent.

3. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using design claimed in the '655 Patent.

4. Pursuant to 35 U.S.C. § 284, Plaintiff is awarded damages equal to a reasonable royalty from each of the Defaulting Defendants in the amount of $10,000.00.

5. Pursuant to 35 U.S.C. § 284, Plaintiff is awarded expected transaction osts associated with the hypothetical negotiations and drafting of royalty and licensing agreements

between it and the forty (40) Defaulting Defendants listed below. Plaintiff is awarded $50,000 in expected transaction costs, or $1,1250.00 per Defaulting Defendant.

6. Pursuant to 35 U.S.C. § 284, Defaulting Defendants are subject to treble damages and Plaintiff is awarded three times the amount awarded in both paragraphs 4 and 5.

7. Additionally, this case is held exceptional, and Plaintiff is awarded its reasonable attorney's fees pursuant to 35 U.S.C. § 285. This Court finds that an award of $500/Defaulting Defendant in attorney's fees is reasonable and therefore awards Plaintiff $500 in attorney's fees from each of the Defaulting Defendants.

8. As a result of the damages awarded to Plaintiff in paragraphs 4 through 7 of this Order, the total awarded to the Plaintiff for each Defaulting Defendant is $34,250.00.

9. Any Third-Party Providers holding funds for Defaulting Defendants, including Alibaba, Alipay, AliExpress, Amazon, Ant Financial Services Group ("Ant Financial"), eBay, Joybuy, PayPal, Inc. ("PayPal"), Payoneer Global, Inc. ("Payoneer"), Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the total damages and attorney's fees awarded in Paragraphs 4 through 8 above) or other of Defaulting Defendants' assets.

10. All monies (up to the total damages and attorney's fees awarded in Paragraphs 4 through 8 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third-Party Providers such as Alibaba, Alipay, AliExpress, Amazon, Ant Financial, eBay, Joybuy, PayPal, Payoneer, Temu, and Walmart, are hereby released to Plaintiff as partial payment of the above-identified damages and fees, and Third-Party Providers, including Alibaba, Alipay, AliExpress, Amazon, Ant Financial, eBay, Joybuy, PayPal, Payoneer, Temu, and

Walmart, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

11. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

12. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit A to the Proof of Service Declaration (Dkt. 24-1) and any e-mail addresses provided for Defaulting Defendants by third parties.

13. The ninety-nine thousand dollar ($99,000) surety bond posted by Plaintiff in connection with the temporary restraining order entered in this case (Dkt. 19) is hereby released to Plaintiff or its counsel, Bishop Diehl & Lee, Ltd. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel.

14. Pursuant to Fed. R. Civ. P. 62, this Final Default Judgment shall be immediately enforceable against each of the Defaulting Defendants.

This is a Default Judgment.

E N T E R:

Dated: December 5, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

# SCHEDULE A

| Def No. | Merchant Name | Merchant Id | Business Name/Address | Product IDs |
|---|---|---|---|---|
| 17 | YunYaoBaiHuo | A2GOUBHV2RVXLP | HaiKouLongHuaPengYunYaoBaiHuoDian 龙华区金贸街道世贸东路 2 号 F 幢 1802 房 海口市 海南 570100 CN China | B0BCDRCBH2 |
| 19 | schangh | A1DRGLKXAZUFLO | ChangChunShiGuiZhuoHuiMaoYiHang 西区 广丰工业大道 50 号爱琴湾二期二区 中山市 广东省 528400 CN China | B0BCDRCBH2 |
| 21 | zouchengshiyimeiju baihuochaoshi | A1NXFHBDO12UZF | zouchengshiyimeijubaihuochaoshi 田黄镇卧龙路 17 号 邹城市 济宁市 山东 273500 CN China | B0C3LWQ6KK |
| 22 | keerqinquwangzhihaobaihuoshanghang | A2F9LLTTJDL4FH | keerqinquwangzhihaobaihuoshanghang 科尔沁区 西门街道通辽金华大厦 70 号 通 辽市 内蒙古 028000 CN China | B0BCDJQSJ8 |
| 23 | XueBoBaiHuo | AZILKWIVFM3XO | HaiKouLongHuaYueXueBoBaiHuoDian 龙华区滨涯路 76 号滨涯村一区 1 栋 4 单元 310 房 海口市 海南 570100 CN China | B0BCDJQSJ8 |
| 24 | The GGsimadale Store-US | A25XFGGKBVZSNL | wanzaixianyishuoxiedianzijingyingbu 株潭镇长和村 54 号 万载县 宜春市 江西 336100 CN China | B0BX8YR9T7 B0BX8X5YK8 |
| 27 | Perfect-Diary | AO5VY6H1C966T | longyanxingfengxuanwangluoxiaoshouyou xiangongsi 733 号 2 幢 1602 室 新罗区登高 西路 龙 岩市 福建 364000 CN China | B0BCDJQSJ8 B0BCDRCBH2 |
| 29 | pazhongdianzishang wushop | A16F2VD9QBVD8D | kunmingpazhongdianzishangwuyouxiang ongsi 河鼓街 28-2 号 河梁小区 2 栋 401 哈尔滨市 道里区 黑龙江省 150016 CN China | B0BCDJQSJ8 B0BCDJQSJ8 |

7

| Def No. | Merchant Name | Merchant Id | Business Name/Address | Product IDs |
|---|---|---|---|---|
| 30 | chenganxianzhanghedianzhenchengcaibaihuoshanghang | A2X2KNUAA2SPCS | chenganxianzhanghedianzhenchengcaibaihuoshanghang 漳河店镇中艾束村 邯郸市 成安县 河北省 056700 CN China | B0BCDRCBH2 |
| 31 | 云南柴灰商贸有限公司 | A2PVM7EQW5B874 | yunnanchaihuishangmaoyouxiangongsi 玄武门大树根小区 2 幢 1 单元 502 玄武 区 南京市 江苏 210009 CN China | B0C49ZW5LT |
| 32 | dingli368 | A32FJ8VA79MLSS | HaiKouDongYanShangMaoYouXianGongSi 13599703085 海口市 龙华区 海南省 570100 CN China | B0BCDRCBH2 |
| 33 | Dengzhanbos | AAVSX4W889PWE | dengzhanbo 人民路 155 号-201 广陵区沙头镇 扬州市 江苏 225000 CN China | B0BCDJQSJ8 |
| 34 | ZOULINGXI | AFU7WGIBF7XM2 | FuJianLongYanZouLingXiWangLuoKeJiYouXiangongsi 19 号 20 幢 1203 室 新罗区双龙路 龙岩 市 福建 364000 CN China | B0BCDJQSJ8 |
| 35 | Cachorro-US | A20XHTPYNVLQPH | Hefei liehuzuo E-commerce Co., Ltd 翡翠路 3409 号经典华城 4 栋 3105 室 合 肥 经济技术开发区 安徽 230000 CN China | B0BL8V66BB |
| 36 | anming store | A20OLU9SAXG3KL | nanningshijiangnanquyutongbaihuojingyingbu 南宁市江南区五一中路 12 号 兴和苑 518 号 南宁市 广西 530000 CN China | B0BCDJQSJ8 |
| 37 | hongjingg | A20UYRGVOU8275 | HongJin Guo 新罗区西陂镇 赤坑村 龙岩市 福建 364000 | B0BCDRCBH2 |
| 38 | lintting | A3TF7NSKKBMKOH | TingTing Lin 新罗区雁石镇雁江村龙硿路 42 号 5 幢 1 梯 502 室 龙岩市 福建 364000 CN China | B0BCDJQSJ8 |
| 39 | ZHENGZIHE | AUFRS9UDF242V | XiaMenDianTuoJiaZhengFuWuYouXianGongSi 关镇环城路 58 号三号楼 三明市 尤溪县城 福建省 365100 CN China | B0BKLNBJ5J |

8

| Def No. | Merchant Name | Merchant Id | Business Name/Address | Product IDs |
|---|---|---|---|---|
| 41 | 铭翔 | A1353RQOV2TY59 | dongguanshihumenwenfangbaihuojingyin gbu 虎门镇 捷东路 12 号 305 房 东莞市 广东省 523165 CN China | B0BCDRCBH2 |
| 42 | IYUFSJ | A3JV95SGMKPQYV | WuHanYuMiaoWenDianZiShangWuZhongXin 东西湖区 宏图路 8 号武汉客厅小型会展中心第 D 幢 1 单元 21 层 11 号房-(C197) 武汉市 湖北省 430000 CN China | B0BCDRCBH2 |
| 43 | XINFUZHIJIA | A1CVP7MKKELRYC | QUANZHOUFANGLELIZISHANGMAOY OUX IANGONGSI 台商投资区张坂镇上塘村 上塘 209 号 泉州市 福建 362000 CN China | B0BCDRCBH2 |
| 44 | tyj988 | A1UJMFIVWDSNJF | LongYanLaiTeXiDianZiShangWuYouXianG ongSi 登高西路 503 号 E2 幢 1 梯 501 室 龙岩市新罗区 福建 364000 CN China | B0BCDRCBH2 |
| 47 | ZeHuiXuanGouMaoY iShangHang | AKBDWBAZSLBFN | FoShanShiNanHaiQuZeHuiXuanGouMaoYi ShangHang 狮山镇中心城区 博爱路 86 号自编 101 之一 佛山市南海区 广东省 528000 CN China | B0BCDRCBH2 |
| 48 | yeshanshop | A25CQWLFMR145W | hejinshilvjidiyezibaihuodian 河津市铝基地夹皮沟院内 1 排三户 运城 市 山西 043300 CN China | B0BCDRCBH2 |
| 49 | iluk8737 | iluk8737 | iluk8737 Indonesia | 404208319278 |
| 50 | cora_amari | cora_amari | cora_amari Israel | 385438663496 |
| 51 | cuitianyis | cuitianyis | cuitianyis Hong Kong | 285027550855 |
| 53 | joonation | joonation | joonation Indonesia | 314496237558 |
| 54 | 01power1supplier | 01power1supplier | 01power1supplier China | 404190055801 |
| 56 | be-the-best | be-the-best | be-the-best Israel | 304847347619 |
| 57 | yingenuous | yingenuous | yingenuous Hong Kong | 314270462219 |

9

| Def No. | Merchant Name | Merchant Id | Business Name/Address | Product IDs |
|---|---|---|---|---|
| 58 | qunyzeng66 | qunyzeng66 | qunyzeng66 Shenzhen, China China | 195754546519 |
| 60 | il2014-shpu | il2014-shpu | il2014-shpu Israel | 295563252991 |
| 62 | jockingbar5 | jockingbar5 | jockingbar5 China | 295409951133 295416364012 |
| 67 | feidigeluo | 101185349 | Changshashi feidigeluo maoyi youxiangongsi tianxiangshuijingwanbangonglou942 yueluqutiandingjiedaohuanhulu868hao changsha, Hunan 410006, China China | 1295634556 |
| 78 | JILI Co. Ltd | 101215549 | JILI Co. Ltd Room 508, No. 5 [Building], Phase 2, Wutong Garden, No. 3543 None Changchun City Jilin 130013 China China | 1326796273 1563200356 |
| 82 | Yoslce | 101264016 | Yoslce xixianxinquqinhanxinchengzhengyangjied ao banbeishecun1zu52hao xian Shanxi 712000 China China | 1461451310 |
| 87 | Dongjian Company | 101179768 | Dongjian Company No. 103, Building 3, No. 109, Meixihu Road, Meixihu Street,Yuelu District None changsha Hunan 410006 China China | 1672104000 |
| 94 | FUTOBOOZ | 101186488 | FUTOBOOZ Floor 5th Block 2, Longbi Industrial Park, No. 27 Dafa Rd Bantian Street LongGang District Shenzhen Guangdong 518129 China China | 2790978117 |
| 98 | Good Choice Co. Ltd | 101224539 | shenzhenshinanshanqunanshanjiedaoden gliangshequnanguanglu13hao zhongxinggongyecheng8dongchangfang1c engA05-1 shenzhen Guangdong 518000 China | 1380302904 |